UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BARBARA THEODORE, as parent and
next friend of A.G.,

    Plaintiff,

    v.

DISTRICT OF COLUMBIA, et al.,

    Defendants.

Civil Action No. 09-0667 (JDB)

## MEMORANDUM OPINION & ORDER

The Court has previously detailed the facts underlying this suit, which stems from Theodore's allegation that the District of Columbia Public Schools ("DCPS") denied her daughter A.G. a "free appropriate public education" ("FAPE") under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq. See Theodore v. Dist of Columbia, 655 F. Supp. 2d 136, 139-40 (D.D.C. 2009). In an earlier opinion, the Court dismissed several of Theodore's requests for relief as moot. See id. at 143-45. Remaining is Theodore's contention that an administrative hearing officer improperly rejected her allegation that DCPS's failure to fund independent psychological testing for A.G. denied her a FAPE, and that A.G. is thus entitled to compensatory education. The parties have filed cross-motions for summary judgment on this point.

The Court cannot resolve the parties' motions on the present record. In the decision that Theodore now challenges, the hearing officer determined that Theodore's claim that DCPS improperly failed to fund evaluations for her daughter had been adjudicated in a previous

hearing, and thus was barred by res judicata. See Administrative Record 3-4. Accordingly, the hearing officer did not reach the merits of Theodore's claim. In her motion for summary judgment, however, Theodore does not challenge the hearing officer's res judicata determination, and instead focuses solely on the merits of her claim concerning the failure to fund evaluations. But for the Court to rule in Theodore's favor on that claim, it must first find the hearing officer's res judicata determination incorrect. See Reid ex rel. Reid v. Dist. of Columbia, 401 F.3d 516, 521 (D.C. Cir. 2005) ("'[A] party challenging the administrative determination must at least take on the burden of persuading the court that the hearing officer was wrong, and . . . a court upsetting the officer's decision must at least explain its basis for doing so.'" (quoting Kerkam v. McKenzie, 862 F.2d 884, 887 (D.C. Cir. 1988))). Because Theodore does not address this issue, the Court cannot grant her summary judgment.

The Court also will not grant DCPS's motion for summary judgment. DCPS, like Theodore, does not address whether the hearing officer's res judicata finding was correct.[1] Thus, the interests of both justice and judicial economy are served by permitting the parties an opportunity to brief the res judicata issue.[2]

Accordingly, it is hereby

---

[1] In passing, DCPS does state in its motion for summary judgment that "[g]iven the paucity of evidence presented by the Plaintiff below, the hearing officer below properly concluded that the [Second Hearing Officer Decision] was res judicata when it determined that 'A preponderance of the evidence does not support the parent's contention that DCPS failed to timely evaluate the Petitioner in all areas of suspected disability and failed to timely determine Petitioner's eligibility.'" Def.'s Mot. for Summ. J. [Docket Entry 19], at 14-15. This isolated reference to "res judicata" is insufficient to properly present the issue to the Court.

[2] Although the Court will deny the pending summary judgment motions, it nevertheless will consider the arguments raised therein when resolving any "renewed" motions for summary judgment.

**ORDERED** that [18][19] the parties' cross-motions for summary judgment are **DENIED without prejudice**; and it is further

**ORDERED** as follows:

1. Theodore shall, by not later than August 25, 2010, file a renewed motion for summary judgment that addresses the hearing officer's res judicata determination.

2. DCPS shall, by not later than September 10, 2010, file a renewed cross-motion for summary judgment and opposition to Theodore's motion that addresses the hearing officer's res judicata determination.

3. Theodore may file an opposition to DCPS's cross-motion, and a reply in support of her motion for summary judgment, by not later than September 24, 2010.

4. DCPS may file a reply in support of its cross-motion for summary judgment by not later than October 8, 2010.

**SO ORDERED**.

/s/ John D. Bates
John D. Bates
United States District Judge

Date: August 10, 2010